United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUERSON SAINT DIEU,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-04764 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders—a fact that Respondents candidly acknowledge. Fleeing Haiti, Petitioner entered the United States on February 20, 2024, and was paroled into the country by the Department of Homeland Security. *Id.*; Dkt. No. 11-2. After his release, Petitioner applied for asylum, was authorized to work by USCIS, and began working and paying taxes. Dkt. No. 1 ¶ 23; Dkt. No. 11-3. On November 20, 2025, ICE officers detained Petitioner. Dkt. No. 1 ¶ 19.

Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition. *See, e.g.*, *Fernandez Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Marin v. Warden of Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026 (E.D. Cal. June 29, 2026); *Maldonado Rojas v. Warden of the Golden State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025 (E.D. Cal. June 29, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL

485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued freedom. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents' sole argument in opposition is that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2).[1] Dkt. No. 10 at 2. This argument has been rejected by countless courts throughout this circuit, and the Court does the same here. *See, e.g.*, *R.A.N.O.*, 820 F. Supp. 3d at 1103 (explaining that Petitioner still retained a protected liberty interest, and was entitled to due process when re-detaining petitioner); *Fernandez Lopez*, 2025 WL 2959319 at *4 (similar); *Rodriguez Cabrera*, 808 F. Supp. 3d at 1169 (noting that courts have overwhelmingly rejected this application of § 1225); *Noori*, 807 F. Supp. 3d at 1168 (finding § 1225 inapplicable because petitioner was no longer an "arriving alien" and had been paroled into the country).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Guerson Saint Dieu from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent

[1] Petitioner notes that on October 7, 2025, he "was involved in a misunderstanding where there were violent charged filed against him." Dkt. No. 1 ¶ 23. He explains that these charges were dropped because law enforcement had charged the wrong individual. *Id*. Respondents do not address these dropped criminal charges in their response, or argue that it served as the basis for Petitioner's detention. As such, the Court considers any argument with respect to them waived.

United States District Court
Eastern District of California

compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 14, 2026

EDWARD J. DAVILA
United States District Judge